UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

MARTA N. R. O/B/O
S.E.R.,[1]

                                               Plaintiff,          Case # 24-CV-6186-FPG

v.                                                                       DECISION AND ORDER

COMMISSIONER OF SOCIAL SECURITY,

                                             Defendant.
_____

## INTRODUCTION

Marta N. R. ("Plaintiff") brings this action on behalf of her son ("S.E.R.") pursuant to the Social Security Act (the "Act") seeking review of the final decision of the Commissioner of Social Security that denied her application for Supplemental Security Income ("SSI") under Title XVI of the Act. ECF No. 1. The Court has jurisdiction over this action under 42 U.S.C. §§ 405(g), 1383(c)(3). Both parties moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF Nos. 4, 9. For the reasons that follow, Plaintiff's Motion for Judgment on the Pleadings is DENIED, the Commissioner's Motion for Judgment on the Pleadings is GRANTED, and the complaint is DISMISSED WITH PREJUDICE.

## BACKGROUND

In February 2021, Plaintiff protectively filed an SSI application on S.E.R.'s behalf. Tr.[2] 211. She alleged disability since February 11, 2020. Tr. 212. In August 2021, the claim was initially denied. Tr. 170. On September 23, 2022, Administrative Law Judge Moises Penalver ("the

---

[1] Under this District's Standing Order, any non-government party must be referenced solely by first name and last initial.

[2] "Tr." refers to the administrative record in this matter. ECF No. 3.

1

ALJ") held a hearing. Tr. 41–75. The ALJ issued a decision finding that S.E.R. was not disabled on May 22, 2023. Tr. 12–40. On February 7, 2024, the Appeals Council denied Plaintiff's request for review. Tr. 1–6. This action seeks review of the Commissioner's final decision. ECF No. 1.

## LEGAL STANDARD

### I. District Court Review

The scope of this Court's review of the ALJ's decision denying benefits to Plaintiff is limited. It is not the function of the Court to determine *de novo* whether Plaintiff is disabled. *Brault v. Soc. Sec. Admin., Comm'r*, 683 F.3d 443, 447 (2d Cir. 2012). Rather, so long as a review of the administrative record confirms that "there is substantial evidence supporting the Commissioner's decision," and "the Commissioner applied the correct legal standard," the Commissioner's determination should not be disturbed. *Acierno v. Barnhart*, 475 F.3d 77, 80–81 (2d Cir. 2007). "Substantial evidence is more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Brault*, 683 F.3d at 447–48 (internal citation and quotation marks omitted).

### II. Child Disability Standard

Individuals under eighteen years old are considered disabled when the individual "has a medically determinable physical or mental impairment, which results in marked and severe functional limitations, and which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than [twelve] months." 42 U.S.C. § 1382c(a)(3)(C)(i). In evaluating disability claims brought on behalf of children, the Commissioner is required to use the three-step process promulgated in 20 C.F.R. § 416.924. The first step requires the ALJ to determine whether the child is engaged in "substantial gainful activity." 20 C.F.R. § 416.924(a). The second step requires the ALJ to determine whether the child has any severe

impairments, defined as anything that causes "more than minimal functional limitations." *Id.* Finally, the ALJ determines whether the child's impairment or combination of impairments meets, medically equals, or functionally equals the severity of a listed impairment. *Id.* If the ALJ finds that the child's impairment or combination of impairments meets or equals a listing, the child is then considered disabled. 20 C.F.R. § 416.924(d)(1).

In determining whether the child's impairment or combination of impairments meets or medically equals a listing, the ALJ must assess the child's functioning in six functional domains:

> (i) Acquiring and using information;
> (ii) Attending and completing tasks;
> (iii) Interacting and relating with others;
> (iv) Moving about and manipulating objects;
> (v) Caring for yourself; and
> (vi) Health and physical well-being.

20 C.F.R. § 416.926a(b)(1). The child is classified as disabled if the child has a "marked" limitation in any two domains of functioning or an "extreme" limitation in any one domain. 20 C.F.R. § 416.926a(d). A "marked" limitation exists when the impairment or cumulative effect of the impairments "interferes seriously with [the child's] ability to independently initiate, sustain, or complete activities." 20 C.F.R. § 416.926a(e)(2)(i). An "extreme" limitation is an impairment which "interferes very seriously" with the child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e)(3)(i). If the child has an impairment that meets and medically or functionally equals the listings, and the impairment meets the Act's duration requirement, the ALJ will find the child disabled. 20 C.F.R. § 416.924(d).

## DISCUSSION

### I. The ALJ's Decision

The ALJ analyzed Plaintiff's claim for benefits under the process described above. At step one, the ALJ found that S.E.R. had not engaged in substantial gainful activity. Tr. 16. At step two,

the ALJ found that S.E.R. had severe impairments of attention deficit hyperactivity disorder ("ADHD"), learning disorder, anxiety disorder, developmental coordination disorder, childhood obesity, and unspecified sleep disorder. Tr. 16.

At step three, the ALJ found that S.E.R. did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments of 20 C.F.R. Part 404, Subpart P, Appx. 1. Tr. 16. Pursuant to 20 C.F.R. §§ 416.924(d) and 416.926a, the ALJ found that S.E.R. had less than marked limitations in acquiring and using information; interacting and relating with others; moving about and manipulating objects; ability to care for himself; and health and physical well-being. Tr. 18. He also found that S.E.R. had a marked limitation in attending and completing tasks. Tr. 18. Accordingly, the ALJ found that S.E.R. was not disabled. Tr. 34.

## II. Analysis

Plaintiff asserts that remand is warranted on two grounds: (1) the ALJ's finding that S.E.R. had less than marked limitations in the domain of caring for himself was unsupported by substantial evidence and the reasoning he presented in support of this finding is unamenable to meaningful review; and (2) the ALJ failed to properly consider the regulatory factors when considering the medical opinions in this case. ECF No. 4-1 at 12, 19. The Court addresses each argument in turn.

### a. Caring for Himself

Plaintiff first argues that remand is warranted because in assessing the domain of caring for himself, the ALJ made errors in evaluating the opinion evidence, which rendered his decision unamenable to meaningful review, and because the ALJ failed to consider all of the evidence relevant to this domain, leaving the finding unsupported by substantial evidence. ECF No. 4-1 at

4

12. First, Plaintiff argues that in his decision, the ALJ misstated the findings of the state agency reviewing psychologists' opinions, and therefore his reasoning is unamenable to meaningful review. *Id.* at 13. In the decision, the ALJ stated that "Dr. Stouter opined that the claimant had … marked limitations [in the domain of] caring for yourself." Tr. 24. The ALJ then stated that "Dr. Stouter and Dr. Wang's opinions are partially consistent with the record as a whole and partially supported." Tr. 24. Later in the decision, the ALJ stated that the "non-examining state agency medical consultants who reviewed the record as of August 2021 and December 2021 opined that the claimant had no limitations in [the caring for himself domain]." Tr. 33.

Plaintiff argues that these statements are misstatements of the record because the ALJ never discussed that Dr. Wang opined that S.E.R. had less than marked limitations in caring for himself and only discussed his opinion in conjunction with Dr. Stouter's opinion, suggesting that the ALJ believed that they both opined that S.E.R. had marked limitations in caring for himself.[3] ECF No. 4-1 at 13. Plaintiff also argues that the ALJ's statement that Dr. Wang and Dr. Stouter opined that S.E.R. had no limitations in this domain is a misstatement of their opinions because Dr. Wang opined that S.E.R. had less than marked limitations and Dr. Stouter opined that S.E.R. had marked limitations. *Id.* The Court rejects these arguments because the ALJ sufficiently explained his findings, which allowed for meaningful review, and any misstatement of the facts constitutes harmless error.

Where an ALJ misstates the record, any error is harmless so long as the remainder of the ALJ's assessment is supported by substantial evidence in the record. *Lebron v. Kijakazi*, No. 20-CV-9543, 2022 WL 3910682, at *3 (S.D.N.Y. Aug. 31, 2022). In this case, the Court concludes

---

[3] Plaintiff also suggests that based on other conclusions found in Dr. Wang's opinion, his finding that S.E.R. had less than marked limitations in caring for himself may have been an error. ECF No. 4-1 at 12–13. Because this suggestion has no bearing on the Court's analysis, the Court will not discuss it further.

that there is substantial evidence to support the ALJ's finding that S.E.R. has less than marked limitations in caring for himself. Specifically, the ALJ explained that he found Dr. Stouter's and Dr. Wang's opinions partially persuasive because they were partially consistent with the record as a whole. Tr. 25. The ALJ then explained that his finding that S.E.R. had less than marked limitations in caring for himself was based on the "record as a whole … [which] indicate[d] that the symptoms from the claimant's ADHD that cause those limitations are generally stable and relatively well controlled with prescribed treatment methods." Tr. 25. The ALJ went on to explain that S.E.R.'s "stated activities of daily living and improved academic performance support that the symptoms from his severe mental impairments are better controlled and tolerable through prescribed treatment methods in order for him to function daily to perform them." Tr. 25. Later in the decision, the ALJ also cited to the opinion of Dr. Preston, S.E.R.'s treating physician, which found that S.E.R only had mild limitations in the caring for himself domain. Tr. 33–34. Because the Court concludes that the remainder of the ALJ's assessment as to the domain of caring for himself was supported by substantial evidence and allowed for meaningful review, remand is not warranted on the basis that the ALJ misstated Dr. Wang's and Dr. Stouter's opinions. *Davis v. Berryhill*, No. 17-CV-6168, 2018 WL 1980251, at *8 (W.D.N.Y. Apr. 27, 2018) ("[T]he [c]ourt finds that any error by the ALJ in this regard to be harmless because the remainder of the ALJ's ... assessment is well supported by other substantial evidence in the record.").

Next, Plaintiff argues that remand is warranted because the ALJ's "reasoning for rejecting a marked limitation in caring for himself boils down to a vague finding that S.E.R.'s mental impairments were 'stable' or 'relatively well controlled' with treatment." ECF No. 4-1 at 14–15. To support this argument, Plaintiff points to other evidence in the record to suggest that S.E.R.'s mental impairments were not stable or controlled with treatment. *Id.* Plaintiff also specifically

argues that the ALJ erred in not discussing "S.E.R.'s sexualized and abusive behaviors toward the family dog," maintaining that these behaviors are "obviously relevant to the domain" of caring for himself, because they demonstrate an "inability to recognize the consequences of his actions, understand right from wrong, and distinguish between acceptable and unacceptable behavior." *Id.* at 16–17.

Where an ALJ's findings are reasonably supported by the record, they "must be given conclusive effect" even if "the administrative record may also adequately support contrary findings on particular issues." *Genier v. Astrue*, 606 F.3d 46, 49 (2d Cir. 2010). The mere fact that Plaintiff can identify other evidence to support a different conclusion does not entitle her to relief. *Emery S. v. Comm'r of Soc. Sec.*, No. 20-CV-662, 2021 WL 2592363, at *4 (W.D.N.Y. June 24, 2021). Here, the Court concludes that the ALJ's findings are reasonably supported by the record. As discussed above, the ALJ explained that his finding that S.E.R's mental impairments are stable and relatively well controlled with treatment are based on S.E.R.'s stated activities of daily living and improved academic performance. Tr. 25. The ALJ further explained that S.E.R's stated activities and improved academic performance demonstrate that the symptoms from his ADHD and anxiety disorder are better controlled by treatment because S.E.R. would not be able to function daily to perform these activities if not for improvement in the symptoms. Tr. 25. As such, remand is not warranted based on Plaintiff's identification of other evidence that could support a different conclusion. *See Emery S.*, 2021 WL 2592363, at *4.

The Court also rejects Plaintiff's argument that the ALJ was required to explicitly discuss S.E.R.'s behavior toward the family dog. ECF No. 4-1 at 17. Generally, an ALJ's decision need not be explicit in every detail or exhaustive in its discussion of the evidence. All that is required is that an ALJ's analysis "afford[ ] an adequate basis for meaningful judicial review, appl[y] the

proper legal standards, and [be] supported by substantial evidence." *Cichocki v. Astrue*, 729 F.3d 172, 177 (2d Cir. 2013). Remand may be warranted where a court is "unable to fathom the ALJ's rationale in relation to [the] evidence in the record." *Berry v. Schweiker*, 675 F.2d 464, 469 (2d Cir. 1982). Otherwise, so long as the "the evidence of record permits [the court] to glean the rationale of an ALJ's decision," an ALJ is not required to "mention[ ] every item of testimony presented to him or [ ] explain[ ] why he considered particular evidence unpersuasive or insufficient to lead him to a conclusion of disability." *Mongeur v. Heckler*, 722 F.2d 1033, 1040 (2d Cir. 1983).

Here, as the Court explained above, there is substantial evidence to support the ALJ's finding that Plaintiff has less than marked limitations in the domain of caring for himself. Further, while the ALJ did not explicitly discuss S.E.R.'s behavior towards the dog, the ALJ did explain that S.E.R. "has difficulty managing stress and his emotions particularly when sad or frustrated or anger or anxious as well as handling change." Tr. 17. The ALJ further noted S.E.R's "chewing and picking behaviors" and "disturbances in … sleeping and eating behavior." Tr. 17. However, the ALJ concluded that these did not constitute "significant self-injurious" behavior and that there were no "significant disturbances noted in his sleep or eating behavior that affects his daily functioning." Tr. 17–18. Additionally, the ALJ explained that the record indicates that S.E.R. "is able to perform some of his self-care needs in an age-appropriate [manner]." Tr. 18. Based on this analysis, the Court can glean that while the ALJ was aware of evidence in the record that S.E.R. may have some difficulties in the domain of caring for himself, ultimately, his daily functioning and ability to perform some of his self-care needs in an age-appropriate manner demonstrate that S.E.R. has less than marked limitations in the domain of caring for himself. Therefore, the Court concludes that remand is not warranted on this ground.

### b. Regulatory Factors

Plaintiff also argues that remand is warranted because the ALJ failed to consider the regulatory factors when evaluating the medical evidence. ECF No. 4-1 at 19. Specifically, Plaintiff argues that the ALJ failed to consider the supportability and consistency factors because the ALJ (1) could not properly evaluate the supportability of any of the medical opinion evidence without mentioning S.E.R.'s behavior towards the dog; and (2) never once mentioned consistency when evaluating the opinion evidence. *Id.* at 19–20.

Regarding Plaintiff's first argument, as the Court explained above, there is no merit to the argument that the ALJ was required to discuss S.E.R.'s behavior towards the dog. Further, as the supportability "factor asks how well a medical source supported their opinion(s) with objective medical evidence and supporting explanations," *Carmen M. v. Comm'r of the Soc. Sec. Admin*, No. 20-CV-06532, 2021 WL 5410550, at *4 (W.D.N.Y. Nov. 19, 2021), it is unclear to the Court how the ALJ's failure to discuss S.E.R.'s behavior towards the dog implicates the supportability factor. In any event, when evaluating each of the medical opinions, the ALJ discussed the supportability factor and thus, the Court rejects Plaintiff's argument. *See* Tr. 24–26.

Regarding Plaintiff's second argument, there is no merit to Plaintiff's claim that the ALJ never once mentioned consistency. The ALJ mentioned consistency when evaluating each of the relevant opinions. Tr. 24–26. To the extent that Plaintiff is arguing the ALJ erred by not discussing whether specific decisions were consistent with each other, the "consistency factor does not measure whether a medical opinion is consistent with a single other medical opinion—it measures whether the medical opinion is consistent with all medical and nonmedical evidence in a claim." *Darla W. v. Comm'r of Soc. Sec.*, 20-CV-1085, 2021 WL 5903286, at *9 (N.D.N.Y. Dec. 14, 2021). Consequently, there is no merit to this argument.

## CONCLUSION

For all of the reasons stated, Plaintiff's Motion for Judgment on the Pleadings (ECF No. 4) is DENIED, and the Commissioner's Motion for Judgment on the Pleadings (ECF No. 9) is GRANTED. The complaint is DISMISSED WITH PREJUDICE, and the Clerk of Court is directed to enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 5, 2026
      Rochester, New York

_____
HON. FRANK P. GERACI, JR.
United States District Judge
Western District of New York